IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

GLENN M. HEAGERTY JR.,

     **Plaintiff,**

v.                            **CIVIL ACTION FILE NO.**
                                   **2:16-CV-00099-WCO-JCF**

LUEDER, LARKIN & HUNTER, LLC,
BRANDON D. WAGNER, and
JOHN DOES 1 through 4,

     **Defendants.**

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Defendants Lueder, Larkin & Hunter, LLC ("LL&H"), Brandon D. Wagner, John Doe 1 aka LPC, John Doe 2 aka SLR or SR, John Doe 3 aka THA, and John Doe aka TLH (collectively "Defendants") have moved to dismiss Plaintiff Glenn M. Heagerty Jr.'s complaint alleging violations of various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") on the grounds the complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6).

The Court should deny Defendants' motion. Because Plaintiff was unrepresented when he filed the complaint, it is held to a less strict standard than if he had been represented by counsel and therefore must be construed liberally. Further, Plaintiff's complaint states a claim against Defendants based on their multiple violations of §§ 1692e(2)(A) and 1692g(b).

## Facts

The Declaration of Protective Covenants for Sawnee View Farms ("Declaration") and any amendments thereto govern the relationship between Sawnee View Farms Homeowners Association, Inc. ("SVFHOA") and its members, such as Plaintiff. Article IV, Assessments, Section 4.1, Assessment Obligations of the Declaration amended its provisions in 2003 to provide that:

> …Each Owner of any Lot, by acceptance of a deed therefore, whether or not it shall be so expressed in such deed, covenants and agrees to pay to the Association; [*sic*] (a) annual assessments; (b) special assessments; and (c) specific assessments which include, without limitation, fines as may be imposed in accordance with the terms of this Declaration. All such assessments, together with late charges, interest, not to exceed 18% per annum on the principal amount due, costs, reasonable attorney's fees actually incurred, shall be a charge on the land and shall be a continuing lien upon the Lot against which each assessment is made. Each such assessment, together with late charges, interest, costs, and reasonable attorney's fees actually incurred, shall also be the personal obligation of the

2

person who was the Owner of such Lot at the time the assessment fee became due.[1]

Section 4.6, Effect of Nonpayment of Assessments: Remedies of the Association, as set forth in the original Declaration, provides as follows:

Any assessments or installments thereof which are not paid when due shall be delinquent. Any assessment or installment thereof delinquent for a period of more than 20 days shall incur a late charge in any amount as the Board may from time to time determine. The Association may cause a notice of delinquency to be given to any member who has not paid within 10 days following the due date. If the assessment is not paid within 30 days, a lien shall attach, which shall include late charges, interest, not to exceed 18% per annum on the principal amount due, costs, and reasonable attorney's fees actually incurred, and any other amounts provided or permitted by law. In the event that the assessment remains unpaid after 60 days, the Association may, as the Board shall determine, institute suit to collect such amounts and/or to foreclose its lien. Each Owner, by acceptable of a deed or as a party to any other type of a conveyance, vests in the Association or its agents the right and power to bring all actions against such Owner personally, for the collection of such charges as a debt or to foreclose the aforesaid lien in the same manner as other liens for the improvement of real property. The lien provided for in this Article shall be in favor of the Association and shall be for the benefit of all other Owners. The Association, acting on behalf of the Owners, shall have the power to bid on the Lot at any foreclosure sale or to acquire, hold, lease, mortgage, or convey the same.

\*\*\*

---

[1]     Attached as Exhibit 1.

3

All payments shall be applied first to costs and attorneys fees, then to late charges, then to interest and then to delinquent assessments.[2]

On June 19, 2015, Defendants LL&H and Wagner advised Plaintiff that he had a past-due balance for assessments and charges in the amount of $350, along with a collection fee in the amount of $80, for a total due of $430.[3] They also advised him that if he did not pay the amount within 30 days, a notice of lien would be filed against his property, and he would incur an additional $259 in attorney's fees, which would be added to his account balance.[4] Defendants also advised Plaintiff of his right to dispute the validity of the debt, as provided by § 1692g.[5]

On June 25, 2015, Plaintiff disputed the validity of the debt described in Defendants LL&H and Wagner's June 19 letter.[6] On July 8, 2015, Defendants LL&H and Wagner responded to Plaintiff's letter and provided him with a copy of his ledger from SVFHOA, entitled "Verification of Debt Calculation Worksheet," which described a "Ledger Beginning Balance" of $350 with a "Ledger Adjustment Total" of $80 for a total "Collections

---

[2]     Attached as Exhibit 2.
[3]     Document No. 1-1 at 12-13.
[4]     *Id.*
[5]     *Id.*
[6]     *Id.* at 14.

4

Balance" of $430.[7] The reason for the "Ledger Adjustment" in the amount of $80 was shown as "Warning of Lien 6/19/15."

Defendants LL&H and Wagner also enclosed a copy of Plaintiff's "Detail Delinquency Report," which indicated an "Assessments-HOA" on January 1, 2015 of $325 for Semi-annual charges" and "Late Fees" on February 28, 2015 of $25 for a total of $350.[8]

Thereafter, on July 21, 2015, Plaintiff again disputed the validity of the debt,[9] to which Defendants LL&H and Wagner responded by letter of August 6, 2015 and reiterated that Plaintiff owed $430, including collection fees.[10]

On October 20, 2015, Defendants LL&H and Wagner advised Plaintiff that he owed a total of $1,009 and enclosed a notice of lien, also dated October 20, 2015, but did not provide any itemization of the alleged amount owed.[11] Plaintiff disputed the validity of the debt by letter dated November 1, 2015.[12]

Even though § 1692g(b) provides that Defendants LL&H and Wagner could not take any action until validating Plaintiff's alleged debt, on

---

[7]     *Id.* at 16-17.
[8]     *Id.* at 18.
[9]     Attached as Exhibit 3.
[10]    Attached as Exhibit 4.
[11]    Attached as Exhibit 5.
[12]    Attached as Exhibit 6.

November 18, 2015, they recorded a notice of lien in the amount of $1,009 with the Clerk of the Superior Court of Forsyth County.[13]

On January 19, 2016, Defendants LL&H and Wagner advised Plaintiff that he now owed a total of $1,399, which included another collection fee in the amount of $80.[14] Defendants' letter advised Plaintiff of his right to dispute the validity of the debt, as provided by § 1692g.[15] Plaintiff disputed the validity of the debt by letter dated January 26, 2016.[16]

On February 4, 2016, slightly more than two weeks since their last letter, Defendants LL&H and Wagner advised Plaintiff that he now owed a total of $1,588.50, and stated that their letter was their "fourth and final validation of [Plaintiff's] debt."[17] They also informed him that if they did not receive payment in the amount of $1,588.50 on or before February 22, 2016, they would file a collection complaint against him.[18]

Defendants enclosed a "Detail Delinquency Report," which reflected three separate assessments of $310 each and two late fees of $25 each, for a

---

[13]    Attached as Exhibit 7.
[14]    Attached as Exhibit 8.
[15]    *Id.*
[16]    Attached as Exhibit 9.
[17]    Attached as Exhibit 10.
[18]    *Id.*

total of $980.[19] Defendants also enclosed their invoice for attorney's fees and expenses through February 4, 2016, in the amount of $601.50.[20] The amounts allegedly due SVFHOA and for attorney's fees and expenses total $1,581.50, however, rather than the $1,588.50 that Defendants represented in their letter.

On March 7, 2016, Defendants LL&H and Wagner filed a collection complaint against Plaintiff in the State Court of Forsyth County on behalf of SVFHOA.[21] The complaint did not specify an amount in the prayer for relief, but requested payment of assessments, late charges, interest, costs, expense, and attorney's fees.[22] On May 17, 2016, Plaintiff, *pro se*, filed this action. On June 10, 2016, the State Court of Forsyth County entered judgment against Plaintiff in the amount of $5,456.54.[23]

### Standard of review

*Pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally.[24]

---

[19]    *Id.*
[20]    *Id.*
[21]    Attached as Exhibit 11.
[22]    *Id.*
[23]    Attached as Exhibit 12.
[24]    *Alba v. Montford*, 517 F.3d 1249 (11th Cir. 2008); *Tannenbaum v. United States*, 148 F.3d 1262 (11th Cir. 1998).

A court should dismiss a complaint under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[25] The plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[26] And in ruling on a motion to dismiss, the court must accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.[27]

Under the Supreme Court's recent decision in *Ashcroft v. Iqbal*,[28] a claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[29] A plaintiff is not required to provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action will not do."[30] The plausibility

---

[25]   *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007); Fed. R. Civ. P. 12(b)(6).

[26]   *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)); Fed. R. Civ. P. 8(a).

[27]   *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

[28]   556 U.S. 662 (2009).

[29]   *Id.* at 678.

[30]   *Twombly*, 550 U.S. at 555.

standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim.[31] A complaint may survive a motion to dismiss under Rule 12(b)(6) even if it is "improbable" that a plaintiff would be able to prove those facts and even if the possibility of recovery is extremely "remote and unlikely."[32]

## Argument

**I.    Defendants LL&H and Wagner's letters and attachments to Plaintiff violated § 1692e.**

### A.    The Eleventh Circuit applies the "least-sophisticated consumer" standard to claims arising under § 1692e.

The Eleventh Circuit applies the "least-sophisticated consumer" standard to claims arising under § 1692e, which provides additional support for the denial of Defendants' motion. In *Crawford v. LVNV Funding, LLC*,[33] the Court explained that "The inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead the question is 'whether the "least sophisticated consumer" would have been deceived' by the debt collector's

---

[31]    *Id.* at 556.

[32]    *Id.*

[33]    758 F.2d 1254 (11th Cir. 2014)

conduct."[34] The Court also noted that the least-sophisticated consumer standard "takes into account that consumer-protection laws are 'not made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous.'"[35]

Thus, in applying the least-sophisticated consumer standard to Defendants LL&H and Wagner's letters and the documents they provided, Plaintiff has clearly stated claims under § 1692e because of the utter confusion and inconsistency regarding the amounts assessed against Plaintiff and the basis for the amounts he supposedly owes.

Plaintiff has noted earlier that his complaint is held to a less strict standard than if he had been represented by counsel; that construction, coupled with the application of the least-sophisticated consumer standard, supports the denial of Defendants LL&H and Wagner's motion to dismiss.

**1.     Defendants LL&H and Wagner's July 8, 2015 letter, which attached a "Detail Delinquency Report," and Defendants LL&H and Wagner's February 4, 2016 letter, which also attached a "Detail Delinquency Report," demand different amounts for Plaintiff's alleged debt, and therefore are false, deceptive, and misleading under § 1692e.**

---

[34]     *Id.* at 1258 (quoting *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1177 n.11 (11th Cir. 1985)).

[35]     *Crawford* at 1258-59 (quoting *Jeter* at 1172-73).

With their July 8, 2015 letter to Plaintiff, Defendants LL&H and Wagner provided a "Verification of Debt Calculation Worksheet," which was a copy of his ledger from SVFHOA, and described a "Ledger Beginning Balance" of $350 with a "Ledger Adjustment Total" of $80 for a total "Collections Balance" of $430. The reason for the "Ledger Adjustment" in the amount of $80 was shown as "Warning of Lien 6/19/15." Defendants LL&H and Wagner also provided a "Detail Delinquency Report," which indicated an "Assessments-HOA" on January 1, 2015 of $325 for Semi-annual charges" and "Late Fees" on February 28, 2015 of $25, for a total of $350. The $80 charge does not appear on the "Detail Delinquency Report."

In Defendants LL&H and Wagner's February 4, 2016 letter to Plaintiff, they informed him that if they did not receive payment in the amount of $1,588.50 on or before February 22, 2016, they would file a collection complaint against him. They enclosed a "Detail Delinquency Report," which reflected three separate assessments of $310 each for "Assessment-HOA" referenced as "Semi-annual HOA dues," and two late fees of $25 each, for a total of $980. Defendants LL&H and Wagner also enclosed their invoice for attorney's fees and expenses through February 4, 2016, in the amount of $601.50.

11

However, in Defendants LL&H and Wagner's January 19, 2016 letter, in which they advised Plaintiff that his alleged indebtedness had reached $1,399, they stated that "your account has now incurred another collection fee in the amount of $80.00 for this letter." They attached no documentation with their letter.

As described above, the Detail Delinquency Report attached to their February 4, 2016 letter did not list any charges for $80. However, the invoice for Defendants LL&H and Wagner's attorney's fees and expenses, which was attached to the letter, listed two $80 charges, the first on June 19, 2015 for "Collection Demand Letter to Heagerty, Glenn M." and the second on January 19, 2016 for "Heagerty, Glenn M. – Collection demand letter with warning of lawsuit for all amounts owed, including additional assessments that have become due this year, in order to give owner at least 30 days notice before commencement of suit." Thus, the $80 charges are attorney's fees, even though they are not described or characterized as attorney's fees in the documents Defendants LL&H and Wagner provided to Plaintiff, and thus falsely represent the character, amount, or legal status of a debt, and constitute a violation of § 1692e(2)(A).

The Detail Delinquency Report provided with Defendants LL&H and Wagner's July 8, 2015 letter reflected the semi-annual dues for January 1, 2015 as $325, not $310, as reflected in the Detail Delinquency Report provided with their February 4, 2016 letter. Thus, Plaintiff does not know which amount is correct, and Defendants LL&H and Wagner violated § 1692e(2)(A) through their use of inconsistent and contradictory figures, which misrepresented the character, amount, or legal status of the debt.

2.    **Defendants LL&H and Wagner's February 4, 2016 letter also misrepresented the amount that Plaintiff allegedly owed, which constitutes a separate violation of § 1692e(2)(A).**

Defendants LL&H and Wagner's February 4, 2016 letter to Plaintiff, in which they stated that if they did not receive payment in the amount of $1,588.50 on or before February 22, 2016, they would file a collection complaint against him, constituted a separate and distinct violation of § 1692e(2)(A).

The "Detail Delinquency Report" discussed above, which accompanied their February 4, 2016 letter, reflected a total due of $980 (consisting of three separate assessments of $310 each and two late fees of $25 each). Defendants LL&H and Wagner also enclosed their invoice for attorney's fees and

expenses through February 4, 2016 in the amount of $601.50. These amounts total $1,581.50, although they represented the amount that Plaintiff owed as $1,588.50. Consequently, Defendants LL&H and Wagner's misrepresentation to Plaintiff regarding the amount owed violates §1692e(2)(A) because it misstates the character, amount, or legal status of his debt.

## II.    Defendants LL&H and Wagner failed to validate a debt when Plaintiff asked them to do so, and as a result violated § 1692g(b).

Although Defendants LL&H and Wagner claim to have verified (or validated) Plaintiff's alleged debt on each of four occasions,[36] they did not. On January 19, 2016, Defendants LL&H and Wagner advised Plaintiff that he owed a total of $1,399, including another "collection fee" in the amount of $80. Their letter advised Plaintiff of his right to dispute the validity of the debt, as provided by § 1692g(b). Plaintiff disputed the validity of the debt by letter of January 26, 2016.

Defendants LL&H and Wagner did not validate the debt, however, because their next communication with Plaintiff was their February 4, 2016 letter, in which they advised Plaintiff that he now owed a total of $1,588.50,

---

[36]    Memorandum in Support of Defendants' Motion to Dismiss ("Memorandum") [Document No. 5] at 16.

which he needed to pay on or before February 22, 2016 in order to avoid the filing of a collection complaint.[37] Although Defendants LL&H and Wagner characterized their letter as "our fourth and final validation of your debt," Plaintiff submits that they did not validate his debt in the amount of $1,399 merely by advising him that his debt had increased to $1,588.50 (which was itself an incorrect amount). Consequently, Defendants LL&H and Wagner failed to validate Plaintiff's debt as set forth in their January 19, 2016 letter, and therefore violated § 1692g(b).

## Conclusion

Plaintiff has identified several violations of § 1692e, as well as § 1692g(b), committed by Defendants LL&H and Wagner through their letters and attachments to him. As a result, under the least-sophisticated consumer standard, Plaintiff would be unable to determine how much he actually owed or that amounts that Defendants LL&H and Wagner were characterizing as amounts owed to SVFHOA were actually attorney's fees.

---

[37] As discussed in Section I.A.2., Defendants LL&H and Wagner's letter misrepresented the amount Plaintiff actually owed and therefore constituted a separate violation of § 1692e(2)(A).

15

Further, Plaintiff did not receive the validation of his debt, which he requested on January 26, 2016; instead, Defendants LL&H and Wagner simply advised him that he owed an even larger amount—and managed to misstate the amount owed in the process.

Finally, under the less-strict standard applicable to Plaintiff's complaint because he was *pro se* when he filed, as well as the standard of review that applies to motions to dismiss under Rule 12(b)(6), Plaintiff submits that he has alleged facts that allow the Court to draw the reasonable inference that Defendants LL&H and Wagner are liable for the violations of the FDCPA Plaintiff has alleged. Accordingly, the Court should deny the motion.

**WHEREFORE**, Plaintiff Glenn M. Heagerty Jr. prays that this Honorable Court deny Defendants Lueder, Larkin & Hunter, LLC, Brandon D. Wagner, John Doe 1 aka LPC, John Doe 2 aka SLR or SR, John Doe 3 aka THA, and John Doe aka TLH's motion to dismiss for failure to state a claim, and grant any other relief the Court deems just and proper.

## <u>CERTIFICATION OF COMPLIANCE WITH LR 5.1C</u>

As provided by LR 5.1C, counsel certifies that this brief has been prepared using Times New Roman 14-point font.

**GLENN M. HEAGERTY JR.**
**By Counsel**

/s/ E. Talley Gray

E. Talley Gray (GA Bar No. 533660)
3449-E Lawrenceville-Suwanee Road
Suwanee, GA 30024
(678) 428-4868
talleygray@yahoo.com

*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

GLENN M. HEAGERTY JR.,

     Plaintiff,

v.

                                      CIVIL ACTION FILE NO.
                                      2:16-CV-00099-WCO-JCF

LUEDER, LARKIN & HUNTER, LLC,
BRANDON D. WAGNER, and
JOHN DOES 1 through 4,

     Defendants.

## CERTIFICATE OF SERVICE

I, E. Talley Gray, hereby certify that on this 18th day of July, 2016, I electronically filed the foregoing using the CM/ECF system which will automatically send email notification of such filing to the following:

John T. Lueder, Esquire
Daniel E. Melchi, Esquire
Lueder, Larkin & Hunter, LLC
5900 Windward Parkway, Suite 390
Alpharetta, GA 30005
*Counsel for Defendants Lueder, Larkin & Hunter, LLC,*
*Brandon D. Wagner, and John Does 1-through 4*

                             /s/ E. Talley Gray
                             E. Talley Gray (GA Bar No. 533660)